# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6000 | **DATE** | 11/18/2002 |
| **CASE TITLE** | Tammy Cotton vs. South Suburban Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum, Defendant's Motion to Dismiss the Plaintiff's Complaint [Doc # 4] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | **NOV 1 9 2002** | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| jar/lc | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TAMMY COTTON                            )
                                       )
                    Plaintiff,         )
                                       )        No. 02 C 6000
          v.                           )
                                       )        HONORABLE DAVID H. COAR
SOUTH SUBURBAN HOSPITAL                 )
                                       )
                    Defendants.        )



*(stamp: DOCKETED NOV 1 9 2002)*

### MEMORANDUM OPINION AND ORDER

    This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's

Complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. For the reasons stated in this opinion, Defendant's Motion is denied.

### Factual and Procedural Background

    At this stage, the Court knows very few facts about this case. What little is known is set

forth here. Plaintiff Tammy Cotton ("Plaintiff" or "Cotton") worked at South Suburban Hospital

in Chicago, Illinois. On October 9, 2001, Cotton was harassed by one of her fellow employees

"with a sexually suggestive poster." When she complained to her employer about her co-workers

conduct, her employer did nothing to redress her grievance. Six days after Plaintiff saw the

offending poster, she filed a complaint with the Illinois Department of Human Rights and the

Equal Employment Opportunity Commission (EEOC).

    The EEOC issued Plaintiff a right to sue letter on May 31, 2002. On August 22, 2002,

Plaintiff filed her complaint in this Court, alleging that the conduct of her co-workers and her

employers failure to remedy the situation violated her rights under Title VII of the Civil Rights

-1-

Act. 42 U.S.C. § 2000e-2(a)(1). On October 2, 2002, the Defendant filed its Motion to Dismiss for failure to state a claim.

## LEGAL STANDARD

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. In evaluating the motion, the Court accepts as true all facts and allegations in the complaint and makes all reasonable inferences in the plaintiff's favor. See Holman v. Indiana, 211 F.3d 399, 402 (7th Cir. 2000). Complaints should only be dismissed if it is clear that no set of facts in support of the claim would entitle the plaintiff to relief. See Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, the bare minimum that a Plaintiff must do is set forth the essential elements of the claim in the complaint. The Defendant cites to Chief Judge Kocoras' useful formulation of the elements of a prima facie case in sexual harassment hostile work environment cases. Plaintiffs in these cases must show that: (1) they are members of a protected class; (2) they experienced unwelcome verbal or physical conduct of a sexual nature at work; (3) the harassment was based on sex; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment; and (5) that the employer knew or should have known of the harassment and unreasonably failed to take appropriate corrective action. Sienko v. Village of Woodridge, No. 96 C 1429, 1996 U.S. Dist. LEXIS 9825, at *10 (N.D. Ill. July 11, 1996) (citing Swanson v. Elmhurst Chrysler Plymouth, Inc., 882 F.2d 1235, 1238 (7th Cir. 1989); Guess v. Bethlehem Steel Corp., 913 F.2d 463, 465 (7th Cir. 1990)).

In this case, the only element that is arguably absent from the complaint is whether the harassment was "sufficiently severe or pervasive to alter the conditions of employment." This is the most significant element of the claim. See Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998) (holding that only sexual harassment so severe and pervasive as to create an abusive working environment constitutes a violation of Title VII). Shortly before Plaintiff filed her complaint, the United States Supreme Court issued an opinion that discusses at length the requirements and standards for a hostile work environment claim under Title VII. See Nat'l R.R. Passenger Corp. v. Morgan, — U.S. —, 122 S. Ct. 2061 (2002).[1] The Court wrote, "Hostile environment claims are different in kind from discrete acts [of discrimination]. Their very nature involves repeated conduct." Nat'l R.R. Passenger Corp. v. Morgan, 122 S. Ct. at 2073.

Plaintiff's complaint alleges one incident of harassment (the sexually suggestive poster). Though it does not explicitly allege repeated conduct, it raises a reasonable inference that harassing behavior related to the poster continued unabated for an indistinct period of time. At this stage, the Court does not know the precise content of the poster nor the extent of the harassment that it created. If the harassment began and ended on October 9, 2001, Plaintiff is unlikely to prevail. Isolated incidents of sexual harassment, though reprehensible, rarely rise to the level of a hostile work environment claim under Title VII. See Doe v. RR Donnelly & Sons, Co., 42 F.3d 439, 444 (7th Cir. 1994) ("[Seventh Circuit] caselaw has held that isolated and

---

[1]Though the claim in Morgan was that racial harrassment created a hostile work environment, the Court recognized that the same standards are employed to evaluate hostile work environment claims based on racial or sexual harrassment. See Id. at 2074 n.10 ("Hostile work environment claims based on racial harrassment are reviewed under the same standard as those based on sexual harrassment.") (citing Faragher v. Boca Raton, 524 U.S. 775, 786-787, and n.1(1998); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986)).

innocuous incidents will not support a hostile environment claim."). In some cases, however, the Seventh Circuit has allowed that "one act of harassment will suffice if it is egregious." <u>Worth v.Tyer</u>, 276 F.3d 249, 268 (7th Cir. 2001).

Motions to dismiss do not test whether plaintiffs will prevail, they merely test the sufficiency of the complaint. In this case, there are a set of facts which could exist that would entitle the Plaintiff to relief. Although it is perhaps the quintessential bare bones pleading, Plaintiff's Complaint is sufficient to survive Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons set forth in this opinion, the Court denies Defendant's Motion to Dismiss the complaint for failure to state a claim.

**Enter:**

**David H. Coar**
**United States District Judge**

**Dated: November 18, 2002**